# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JIUSHENG GUO, et al., | : | |
| Plaintiffs, | : | Case No. 3:08cv00139 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiffs Jiusheng Guo, Shanli Zhao, and Jiahao Guo (a minor), residents of Beavercreek, Ohio, bring this case pro se seeking to compel Defendants "to immediately perform their duty to act upon the Plaintiffs' applications for permanent residency." (Doc. #1 at 7). Plaintiffs are not presently citizens of the United States of America and have therefore filed with the U.S. Customs and Immigration Service (USCIS) I-485 Applications to Register Permanent Resident or Adjustment of Status. *Id.* at 3. Plaintiffs allege in their Complaint that Defendants have improperly handled and delayed processing of Plaintiffs' I-485 Applications "to their detriment." *Id.*

The case is presently before the Court upon several Motions, the most recent of which is Defendants' Supplemental Motion to Dismiss on the Ground that the case is Moot (Doc. #14). Defendants explain that the case is moot because on December 3, 2008, the USCIS granted all three I-485 applications filed by Plaintiffs. Defendants have attached to their Motion copies of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

each Plaintiff's I-485 Application; each copy was stamped "approved" on December 3, 2008.

> Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, U.S. CONST. art. III § 2, mootness is a jurisdictional question. The Constitution's case or controversy requirement precludes courts from rendering advisory opinions and confines the jurisdiction of the courts to real and substantial controversies admitting of specific relief through a decree of a conclusive character. Accordingly, the courts lack jurisdiction to consider any case or issue that has lost its character as a present, live controversy and thereby becomes moot. Simply stated, a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.

*Bogaert v. Land*, 543 F.3d 862, 869 (6th Cir. 2008)(internal citations, brackets, and quotation marks omitted).

Plaintiff's Complaint no longer presents a live controversy between the parties because each Plaintiff's I-485 Applications have been approved. Defendants have therefore provided each Plaintiff with the relief sought in this case, and consequently, the case has lost its character as a present and live controversy, rendering it moot. *See id*.

Accordingly, Defendants' Supplemental Motion to Dismiss is well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Supplemental Motion to Dismiss (Doc. #14) be GRANTED, and Plaintiff's Complaint be DISMISSED as moot;

2. The other presently pending Motions (Doc. #s 5, 13) be DENIED as moot; and

3. The case be terminated on the docket of this Court.


December 18, 2008

                  s/ Sharon L. Ovington
                    Sharon L. Ovington
                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).